# CITIES SERVICE OIL CO. v. EDGERTON.

## No. 1851.

District Court, D. Massachusetts.

June 2, 1944.

Putnam, Bell, Dutch & Santry and Arthur F. Ray, all of Boston, Mass., and Edmund G. Borden and William G. Pulliam, both of New York City, for plaintiff.

David Rines, of Boston, Mass., for defendant.

HEALEY, District Judge.

This is an action brought under the provisions of U.S.C.A. Tit. 35, Section 63, by the assignee owner of a reissue patent application Serial No. 200,090, filed April 5, 1938, against the owner of a patent application Serial No. 33,733, filed July 29, 1935. Interference was declared between the two applications on February 15, 1939 (Interference No. 76,771). On February 19, 1941, the Examiner of Interferences awarded priority to the defendant with respect to Counts 1 to 5 "as the first to conceive and actually reduce to practice the invention of the five counts in issue." The action of the Examiner was affirmed by the Board of Appeals on September 30, 1941. No appeal was taken to the United States Court of Customs and Patent Appeals. On March 27, 1942, the present action was brought.

The invention relates to stroboscopes. An oscillatory charging circuit is used for charging the condenser which stores the electrical energy which is discharged at intervals, producing flashes. The particular oscillatory circuit involved has some advantages not possessed by charging circuits known to the prior art, such as the prevention of flashes between the desired intervals and the insurance of uniform flashes.

The record in the present proceeding is substantially the same as that in the Patent Office. The only difference of any moment is the discrepancy between the testimony of Germeshausen in the Patent Office and his testimony in this court with reference to the type of oscillograph used with reference to Patent Office Exhibit 18. Exhibit 18 consists of pages of a notebook kept by Germeshausen illustrating and describing an experiment with an oscillatory charging circuit. In the Patent Office, Germeshausen testified that he used a cathode-ray oscillograph with reference to that exhibit, and, in this court, he testified that he used a magnetic oscillograph. It seems clear from the evidence and demonstrations that there would be no substantial difference in result whether a cathode-ray or magnetic oscillograph was used. I do not feel that, because of this discrepancy, Germeshausen's testimony should be discredited, because I believe that Germeshausen was an honest and truthful witness, and that the discrepancy was due solely to mistake.

It thus follows that there is no substantial difference between the record in the Patent Office and the record in this court.

Under such circumstances, "where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction." Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 773, 38 L.Ed. 657.

In my opinion, the plaintiff has failed to establish priority of invention by testimony which carries such conviction.

As a matter of fact, I am convinced on all of the evidence, even without the presumption of Morgan v. Daniels, supra, that the findings of the Examiner of Interference were correct, and that priority was properly awarded to the present defendant.

The plaintiff further contends that the defendant is estopped with reference to the counts 1 to 5 here involved, because the defendant did not amend under Patent Office Rule 109, 35 U.S.C.A.Appendix during the motion period of certain other interferences, to include counts 1 to 5 or their equivalent.

The records in the Patent Office disclose that, in Interference No. 76,771, following a motion to dissolve by the present defendant, the present plaintiff's assignor, Miller, filed a so-called "Motion for Judgment on the Record" "upon the ground that the party Edgerton is estopped to contest priority thereof because of his failure to add his patent application Serial No. 33,733 (which is involved in the present interference) to the prior interference No. 77,402 between the same parties during the Motion period in said prior interference, * * *." The motion stated that

296

"the party Miller does not wish to appear to avoid a contest of priority with respect to the counts of the present Interference on technical grounds. Accordingly Miller hereby makes this Motion for Judgment contingent upon a finding by the Examiner that he was without jurisdiction to include Count 5 in this present interference on his own Motion" (the latter being the finding sought by the present defendant's motion to dissolve). The Examiner denied the present defendant's motion to dissolve, and dismissed Miller's Motion for Judgment construing it as a Motion to Dissolve. In dismissing Miller's motion, the Examiner said:

"Miller has made his Motion for Judgment, construed as a motion to dissolve, contingent upon the granting of Edgerton's motion to dissolve as to count 5. Since Edgerton's motion to dissolve is denied, Miller's motion for judgment is dismissed."

The Examiner, in his written opinion awarding priority to the present defendant, did not mention estoppel.

In Miller's appeal to the Board of Appeals, he stated as one of the grounds of appeal:

"13. The Examiner of Interferences erred in not requiring definite and convincing proof by Edgerton in view of the close relation of the counts to the claims denied to Edgerton in prior Interference No. 74,402 between the parties and Edgerton's failure to move to include his presently involved application in such prior Interference."

The appeal did not mention estoppel as such.

The Board of Appeals said of estoppel:

"On the second paragraph [referring to the Miller brief], entitled 'Estoppel by Prior Interference,' there appears to be no contention that Edgerton is acually estopped but that for some reason, a higher degree of proof is required, due to the proceedings in earlier interferences Nos. 33,733 and 74,402. We are unable to see that there is anything in these proceedings that requires the imposition on Edgerton of any burden of proof greater than would ordinarily be required of a junior party in interference with a senior party."

On pages 66, 67 of the brief filed by the plaintiff in this court, the following language is used:

"It was very clear that the estoppel existed and although this estoppel is effective in preventing defendant from having counts 1 to 5, nevertheless, it did not stop defendant from establishing through testimony its actual dates of conception and reduction to practice of the invention or deciding the question of priority of invention between the Miller invention and the Edgerton invention. Accordingly, in Interference No. 76,771, plaintiff raised the question of estoppel in the interference and asked that the question of priority of invention should be adjudicated. Accordingly plaintiff is centering its proofs in this case upon the question of priority because if it is adjudged to be the prior inventor the estoppel of defendant is not so important. The question of estoppel of defendant was not originally included in the bill of complaint but has been inserted by an amendment to the bill of complaint. * * * In the motion to amend attention was called to the fact that the question of estoppel had been raised in Patent Office Interference No. 76,771 but it is admitted that there was no direct ruling on the question of estoppel by the Patent office tribunals. The fact is that the estoppel exists and plaintiff did not strenuously press the estoppel at that time because it was deemed to be more important at that time to determine the question of priority than to allow this matter to be settled at some prior time. * * *"

In view of the record of the prior proceedings, it seems quite clear to me that the plaintiff should not now be able to raise the question of estoppel. It is unnecessary to decide whether under different circumstances the doctrine of estoppel would be available to the plaintiff. But see Walker on Patents (Deller's Edition), Cumulative Supplement to Volume II for use in 1944, pp. 28-31.

In my opinion, the complaint should be dismissed.

Defendant shall, on or before June 22, 1944, submit proposed findings of fact and conclusions of law in conformity with this memorandum to comply with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, sending a copy thereof to counsel for the plaintiff.